```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

COURTENAY, HUNTER & FONTANA,              CIVIL ACTION
LLP


VERSUS                                    NO: 07-976


MASSACHUSETTS BAY INSURANCE               SECTION: "A" (4)
CO.
```

### ORDER AND REASONS

Before the Court are **Motions for Partial Summary Judgment (Rec. Docs. 85 & 86)** filed by defendant Massachusetts Bay Insurance Co. and plaintiff Courtenay, Hunter & Fontana, LLP. Both motions are opposed. The motions, set for hearing on August 6, 2008, are before the Court on the briefs without oral argument. For the reasons that follow Plaintiff's motion is DENIED and Defendant's motion is GRANTED.

### I.   BACKGROUND

Plaintiff Courtenay, Hunter & Fontana, LLP ("Plaintiff") initiated this suit in state court against Massachusetts Bay Insurance Co. ("Massachusetts Bay" or "Defendant"). Plaintiff filed suit alleging "significant loss of business income." (Pet. ¶ 5). Plaintiff claims that its policy with Massachusetts Bay provides coverage for the full amount of its business losses and

1

that Defendant "has failed to pay the total amount due [] under the policy."  (Pet. ¶ 8).  Plaintiff was paid $272,939 for lost business income under the policy's Civil Authority and Utility Services provisions but Plaintiff seeks in excess of $1,600,000.  Defendant removed the suit to this Court and Plaintiff's motion to remand was subsequently denied.

The parties previously moved for summary judgment on the issue of whether Plaintiff is precluded from recovering under the Business Income section of the policy given that Plaintiff did not have coverage for physical damage to the leased premises.  In an Order and Reasons entered on July 7, 2008, the Court held that "if Plaintiff can establish that it suspended its operations due to damage at the premises that resulted from a non-excluded peril then coverage under the Business Income section is triggered."  (Rec. Doc. 79, at 6).  In so holding the Court specifically rejected Defendant's contention that business income coverage applies only where damage to Covered Property causes a suspension in business operations.  (Id.).

The parties have once again filed motions seeking clarification of business income coverage.  Plaintiff contends that once a suspension of business operations occurs at the premises Defendant is obligated to pay business income losses for

the entirety of the "Period of Restoration"[1] so long as the loss occurs within 12 consecutive months after the date of the direct physical loss or damage.  Plaintiff also contends that the Extended Business Income section of the policy requires Defendant to pay an additional 30 days of lost business income.  Thus, Plaintiff's position is that the policy entitles it to collect lost business income for a period of 13 months notwithstanding that Plaintiff resumed operations at its New Orleans office on November 7, 2005.  Plaintiff also seeks a ruling from the Court that the period of restoration following Hurricane Katrina lasted at least 6 months and that Plaintiff is entitled to attorney's fees under La. R.S. 22:656-58 for misinterpreting its own policy.

Defendant argues that a total cessation of operations at the described premises is necessary in order to continue coverage for business interruption losses.  According to Defendant, Plaintiff cannot recover business interruption losses after November 7, 2005, when it resumed its business operations at its New Orleans office.  Defendant contends that by seeking a full year's worth of business interruption losses Plaintiff is simply ignoring the "necessary suspension of your 'operations'" phrase in the policy.

---

[1] For Plaintiff's policy the "Period of Restoration" began immediately upon direct physical loss to property at the premises and ended on "[t]he date when the property at the described premises should be repaired, rebuilt or replaced with reasonable speed and similar quality."  (Rec. Doc. 84, Exh. B, § G(16)). The period of restoration is basically the time it took to repair physical property at the Texaco Center.

Defendant contends that Plaintiff cannot benefit from the additional 30 days of extended business income coverage because any loss of business income did not result from a suspension of operations that was caused by a covered cause of loss.  Defendant argues that Plaintiff's sole avenue for recovery of business income loss is under the policy's Civil Authority and Utility Services provisions because operations were not suspended due to a covered cause of loss.

## II.  DISCUSSION

An insurance policy is an agreement between the parties and should be interpreted by using ordinary contract principles. Andrews v. Columbia Cas. Ins. Co., 960 So. 2d 134, 139 (La. App. 1st Cir. 2007) (citing Smith v. Matthews, 611 So.2d 1377, 1379 (La. 1993)).  The judicial responsibility in interpreting insurance contracts is to determine the parties' common intent. Id. (citing LSA-C.C. art.2045; Louisiana Ins. Guar. Ass'n v. Interstate Fire & Cas. Co., 630 So. 2d 759, 763 (La. 1994)).  If the language in an insurance contract is clear and explicit, no further interpretation may be made in search of the parties' intent.  Id. (citing LSA-C.C. art. 2046).

However, if there is ambiguity in an insurance policy, it must be resolved by construing the policy as a whole; one policy provision is not to be construed separately at the expense of disregarding other policy provisions.  Andrews, 960 So. 2d at 139

(citing LSA-C.C. art. 2050; Louisiana Ins. Guar. Ass'n, 630 So.2d at 763). Ambiguity will also be resolved by ascertaining how a reasonable insurance policy purchaser would construe the clause at the time the insurance contract was entered. Id. (citing Breland v. Schilling, 550 So. 2d 609, 610-11 (La. 1989)). If, after applying the other general rules of construction, an ambiguity remains, the ambiguous contractual provision is to be construed against the insurer who issued the policy and in favor of coverage for the insured. Id. (citing LSA-C.C. art.2056). Under this rule of "strict construction," equivocal provisions seeking to narrow an insurer's obligation are strictly construed against the insurer. Id. For the rule of strict construction to apply, the policy must be susceptible to two or more interpretations, and the alternative interpretations must be reasonable. Id. (citing Bonin v. Westport Ins. Corp., 930 So.2d 906, 911 (La. 2006)).

Section 5(f)(1), Business Income, states as follows in relevant part:

> We will pay for the actual loss of Business Income you sustain *due to the necessary suspension of your "operations" during the "period of restoration."* The suspension must be caused by direct physical loss of or damage to property at the described premises. The loss of damage must be caused by or result from a Covered Cause of Loss.

Def. Exh. A. at 6 (emphasis added). With respect to this provision, the Court has already held that "if Plaintiff can

5

establish that it suspended its operations due to damage at the premises that resulted from a non-excluded peril then coverage under the Business Income section is triggered." (Rec. Doc. 79, at 6). In that same opinion the Court explained that the damage at the premises that forced the suspension need <u>not</u> have been to Covered Property, which in this case would be Plaintiff's business personal property. (<u>Id.</u>). In fact, the Court specifically recognized that damage to Covered Property did not cause Plaintiff to suspend its business operations at the Texaco Center. (Rec. Doc. 79 at 4 n.3).

For purposes of the instant motion, the Court will *assume* that Plaintiff suspended its operations at the Texaco Center due to property damage at the premises that was caused by a covered peril. Defendant's contention is that operations were suspended in accordance with the Civil Authorities and Utilities sections of the policy whereas Plaintiff, by seeking recovery under the Business Income section of the policy, is implicitly contending that it suspended its operations due to property damage at the premises. What is undisputed is that for some period of time Plaintiff did completely suspend its operations at the Texaco Center. Under the express terms of the policy the cause of the suspension will determine whether coverage under Business Income, section 5(f)(1), applies. The cause of the suspension is a question of fact to be determined at trial, and if Plaintiff

6

meets its burden of establishing that the suspension was caused by direct physical loss to property resulting from a Covered Cause of Loss, then coverage is triggered.[2]

Thus, assuming *arguendo* that Plaintiff can establish at trial that coverage under the Business Income section applies, then the issue of *duration* of that coverage, as presented by Plaintiff's motion, becomes relevant.  The Business Income section, as quoted supra, provides coverage for income losses *that result from a necessary suspension of operations* so long as those losses occur during the period of restoration.  Plaintiff might very well have continued to suffer income losses after it resumed operations in New Orleans on November 7, 2005, but those losses will not have resulted from a suspension of operations, as required by the Business Income section of the policy, because operations were not suspended after the November 7th date.  Plaintiff's contention that a suspension, no matter how brief, triggers business income losses during the entire "Period of Restoration" is simply not supported by the policy language.  Assuming that Plaintiff resumed its operations in New Orleans as of November 7, 2005, which means that its "operations" at the premises were no longer suspended, then business income losses would not be covered under the Business Income section 5(f)(1) of

---

[2] The Court notes that section 5(f)(1) does not use the "solely" qualifier such that direct physical loss to property must be the sole reason that operations were suspended.

the policy after that date.  After that point Plaintiff might be entitled to an additional 30 days of extended business income coverage but that would depend on whether Plaintiff has established that it had business income losses covered by section 5(f)(1), this being a threshold requirement for extended coverage.

Defendant's motion focuses heavily on urging the Court to find that the term "suspension" in the policy requires a complete and total cessation of operations at the described premises in order to obtain coverage for business income losses.  But as the Court appreciates Plaintiff's argument, Plaintiff is not contending that after November 7, 2005, it had partially suspended its operations in New Orleans thereby resulting in income losses.  Rather, Plaintiff is relying upon the undisputed fact that its operations in New Orleans completely and totally ceased for a time following Hurricane Katrina, a cessation that Plaintiff attributes to property damage at the premises, thereby triggering business income coverage, and that once triggered that coverage endured during the entirety of the period of restoration.  As explained above, Plaintiff's "triggering" theory is simply not supported by the clear language of the policy.

In sum, Plaintiff's motion is denied as to its contention that business losses are owed for the entire period of restoration.  The motion is likewise denied as to extended

business income coverage because Plaintiff must first establish at trial that coverage under the business income section of the policy applies.  The motion is denied as to attorney's fees because Plaintiff will be required to prove its entitlement to such an award at trial.

Defendant's motion is granted as to its contention that coverage under the Business Income section of the policy does not apply once operations resume but denied as to Defendant's request that Plaintiff's claims be dismissed.  Issues of fact exist as to the cause of the suspension of operations before November 7, 2005.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Partial Summary Judgment (Rec. Doc. 85)** filed by plaintiff Courtenay, Hunter & Fontana, LLP is **DENIED** as explained above;

**IT IS FURTHER ORDERED** that the **Motion for Partial Summary Judgment (Rec. Doc. 86)** filed by defendant Massachusetts Bay Insurance Co. is **GRANTED** as explained above.

August 19, 2008

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE